# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID ALLEN MOYE, | : |
| Plaintiff, | : |
| v. | : Civ. No. 22-617-CFC |
| CENTURION MEDICAL SERVICES, et al., | : |
| Defendants. | : |

David Allen Moye, Sussex Correctional Institution, Georgetown, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

October 30, 2023
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

I.  **INTRODUCTION**

Plaintiff David Allen Moye, an inmate confined at Sussex Correctional Institution ("SCI") in Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3) Plaintiff appears *pro se* and has paid the filing fee. The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915A(a).

II.  **BACKGROUND**

The following facts are taken from the Complaint and assumed to be true for the purposes of screening.

Late morning on May 22, 2021,[1] Plaintiff was involved in a confrontation with another inmate in a prison cell. Plaintiff's left knee hit a steel bed during a fall with the other inmate, who landed on top of Plaintiff. At 10:15 p.m., nearly 11 hours after the injury, Plaintiff was taken to the medical department, given ibuprofen, and told to return to lockdown. Four days later, he was meeting with a non-defendant SCI Lieutenant for a clerical matter and showed her his knee. She reacted in shock to the sight because his knee was three times its normal size. The Lieutenant immediately sent Plaintiff to the medical department.

---

[1] Plaintiff lists the year as 2022, but this appears to be a mistake as he filed his Complaint on May 9, 2022.

On June 21, 2021, an x-ray revealed a hairline fracture in the center of his knee cap. Following a subsequent MRI, he was told that he had arthritis and was fine.

Plaintiff's knee remains three times its normal size and causes him constant extreme pain, and continuing problems with standing, walking, and ascending or descending stairs. He has received no other medical treatment for the injury, despite requesting to be taken to a hospital or a specialist. He has unsuccessfully filed grievances and sick-calls "and it was even turned down by the Bureau Chief Michael Records." (D.I. 3 at 6)

Plaintiff has named as Defendants Centurion Medical Services, which was the medical services provider for the Delaware Department of Correction in 2021; former SCI Warden Truman Mears; and "Bureau Chief Michael Records." He requests injunctive relief and damages.

## III.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); 28 U.S.C.

§ 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of § 1915A, the Court must grant Plaintiff leave to amend his complaint unless

3

amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.  DISCUSSION

With regard to Centurion, when a plaintiff relies upon a theory of respondeat superior to hold a corporation liable (rather than its employees or agents themselves), he must allege a policy or custom that demonstrates such deliberate indifference. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories). Ultimately, to establish that Centurion is directly liable for the alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [Centurion] policy or custom, and that the policy caused the constitutional violation[s] [Plaintiff] allege[s]." *Natale*, 318 F.3d at 583-84. The Complaint does not refer to any policy or custom of Centurion and does not set forth any constitutional violations allegedly caused thereby. Accordingly, the claims against Centurion will be dismissed.

As to Defendants Mears and Records, a defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved"; personal involvement in the alleged wrong is required. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk*

5

*County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). "Allegations of participation and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016).

The Complaint contains no allegations directed at Mears that establish personal involvement for purposes of a § 1983 claim. He alleges that Records "turned [something] down," but this reference is entirely unclear and lacking in context. Accordingly, these Defendants will be dismissed from this action for failure to state a claim, pursuant 28 U.S.C. § 1915A(b)(1).

All three dismissals will be without prejudice. *See O'Dell v. United States Gov't*, 256 F. App'x 444, 445 (3d Cir. 2007) (unpublished) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint for failure to state claims upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff will be given leave to file an amended complaint.

The Court will issue an Order consistent with this Memorandum Opinion.